UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK E BATTON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-07-2852 |
| § | |
| MARK W EVERS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is the plaintiffs' motion for attorneys' fees (Docket No. 82) and the defendants' response in opposition to the plaintiffs' motion (Docket No. 83). After having carefully considered the parties' motions, responses, replies, supplementation, the record and the applicable law, the Court is of the opinion that the plaintiffs' motion for attorneys' fees should be DENIED.

This ruling is supported by the pleadings, motions, admissions and other submissions on file, which indicate that: (1) the plaintiff is not a prevailing party in this matter as determined under 5 U.S.C., Section 552(a)(4)(E), in that the plaintiff merely received a *Vaughn* index in relation to discovery requests. This is so even though the plaintiff received the index as a matter of an appellate ruling by the Fifth Circuit. *See Batton v. Evers* (5th Circuit April 20, 2010, Docket No. 08-20724) (Docket No. 54); (2) the plaintiff's cause does not enjoy the retroactive benefit of 5 U.S.C., Section 552(a)(4)(E), as it relates to "a voluntary or unilateral change in a position by an agency," in that this provision took effect on December 31, 2007, which was well after the plaintiff filed his claim. *See* Open Government Act of 2007, PUB. L. 110-175, § 552, 153 Stat. 2007.; and (3) the Court finds that: (i) no public benefit is derived from the plaintiff's case and (ii) any existing commercial benefit is to the plaintiff's personal tax liability. The record

reflects the plaintiff's interest in this case is personal, and the plaintiff was under criminal investigation by the defendant—thus records withheld by the defendant were not unreasonably withheld even in light of the appellate court's ruling in relation to the *Vaughn* index. *See Batton v. Evers* (5th Circuit April 20, 2010, Docket No. 08-20724), 19-20.

Accordingly, it is therefore, ORDERED that the plaintiff's motion for attorney's fees is **DENIED**. All other relief not expressly granted herein is denied.

It is so ORDERED.

SIGNED at Houston, Texas this 14th day of May, 2012.

_____
Kenneth M. Hoyt
United States District Judge